**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| R.O. BROOKS FRESHWADDA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ADRIANA RINCON WHITE, et al.,<br><br>    Defendants. | Case No. 2:25-cv-01624-CDS-NJK<br><br>**Order**<br><br>[Docket No. 11] |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 11.

The instant application is Plaintiff's fourth attempt to proceed *in forma pauperis*. *See* Docket Nos. 1, 7, 9, 11. The Court denied Plaintiff's previous applications because they were incomplete, and the financial situation portrayed in the applications were a logical impossibility. *See* Docket Nos. 5, 8, 10 (Court's orders explaining deficiencies in Plaintiff's previous applications). Nonetheless, the Court afforded Plaintiff until January 27, 2026, to either (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial information; or (2) pay the $405 fee for filing a civil action. Docket No. 10 at 2. The Court instructed the Clerk's Office to send Plaintiff a copy of the long form *in forma pauperis* application for non-prisoners and ordered that any renewed application by Plaintiff must be submitted on the long form and be filled out completely. *Id.* The Court warned that "**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED.**" *Id.* (emphasis in original).

Despite the Court's clear instructions and warnings, Plaintiff has, once again, not complied with the Court's order. Plaintiff failed to file a fully complete, long form *in forma pauperis* application. *See* Docket No. 11. Instead, Plaintiff attached a declaration in which he submits that he is in "complete dependence on public assistance and the charity of others" and his "basic needs

1

are met through in-kind, anonymous gifts from members of [his] community." *See* Docket No. 11-1 at 1-2. Further, Plaintiff submits that the support he receives is a "reciprocal gift from a community [he] previously served as an advocate and steward" and "they support [him] anonymously and without expectation of repayment." *See id.* at 2-3. Additionally, Plaintiff contends that he is "not attempting to obscure [his] financial condition." *See id.* at 3. Instead of properly disclosing the amount of support he received and how he received it, Plaintiff submits that he is provided housing, a private mailbox, transportation, clothing, school materials, and other incidentals through the support of anonymous supporters, individuals, friends, and community members. *See id.* at 2.

An *in forma pauperis* applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Duymayan v. FBI Las Vegas*, 2025 U.S. Dist. LEXIS 54027, 2025 WL 1089504, at *1 (D. Nev. Mar. 21, 2025) (quoting *Harper v. San Diego City Admin. Bldg.*, 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016)). If an individual is unable or unwilling to verify his or her poverty, courts may make a factual inquiry into the applicant's financial status and may deny a request to proceed *in forma pauperis*. *See McQuade*, 647 F.2d at 940. This Court has previously required applicants to provide a full explanation as to their financial status where their application fails to specify their sources of income or assets. *See Duymayan v. Disc. Firearms & Ammo, LLC*, 2025 WL 1735529, at *2 (D. Nev. June 23, 2025) (ordering applicant to provide a fulsome explanation as to how he pays his monthly bills without any source of income); s*ee also Ballard v. Las Vegas Metro. Police*, 2013 U.S. Dist. LEXIS 185112, at *3 (D. Nev. Oct. 18, 2013) (denying Plaintiff's *in forma pauperis* application because he refused to disclose the value of marijuana and marijuana-growing equipment which he made clear he possessed in the complaint). Therefore, Plaintiff must explain the amount of support he receives, how he receives it, and who provides it to him as to each of the categories of expenses listed in the *in forma pauperis* application.

Accordingly, Plaintiff's application to proceed *in forma pauperis* is **DENIED without prejudice**. Docket No. 11. In the interest of deciding this case on its merits, the Court will afford Plaintiff one <u>final</u> chance to file a complete *in forma pauperis* application. No later than **February 13, 2026**, Plaintiff must either (1) file a fully complete application to proceed in forma pauperis, on the correct form with complete financial information; or (2) pay the $405 fee for filing a civil action. Any renewed application must be submitted on the long form and must be filled out completely. **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED.**

The Clerk's Office is **INSTRUCTED** to send Plaintiff a copy of the <u>long form</u> *in forma pauperis* application for non-prisoners.

IT IS SO ORDERED.

Dated: January 30, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3