UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

R.O. Brooks Freshwadda,

           Plaintiff

v.

Adriana Rincon White, et al.,

           Defendants

Case No. 2:25-cv-001624-CDS-NJK

**Order Advising Plaintiff of His Responsibility Under Federal Rule of Civil Procedure 4**

Plaintiff R.O. Brooks Freshwadda initiated this action in August 2025. Compl., ECF No 1-1. After four unsuccessful attempts to apply for *in forma pauperis* status, ECF Nos. 5, 8, 10, 12, Freshwadda paid the filing fee in full, ECF No. 13. His complaint is therefore deemed filed on February 13, 2026.

Under the Federal Rules of Civil Procedure, the plaintiff has the burden to establish that he properly and timely effectuated service of process upon a defendant. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) . . . ."). "Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). "Service of process is the means by which a court asserts jurisdiction over the person." *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) (quoting *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007)).

Freshwadda's complaint was filed on February 13, 2026, so the court reminds him that to timely effect service on the defendants, he must serve a copy of the summons and complaint—in compliance with Rule 4—within ninety days after filing of the complaint. Fed. R. Civ. P. 4(e), (m). Proof of service must be provided on or before May 14, 2026. If Freshwadda fails to do so,

then this action must be dismissed without prejudice, unless the plaintiff shows good cause for the failure to effect timely service. Fed. R. Civ. P. 4(m).

Dated:  February 19, 2026

_____
Cristina D. Silva
United States District Judge