UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| R.O. Brooks Freshwadda, | Case No. 2:25-cv-01624-CDS-NJK |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Adriana Rincon White, et al., | |
| Defendants | |

Plaintiff R.O. Brooks Freshwadda initiated this action by filing a complaint against ten defendants on August 29, 2025, but he did not pay the civil case filing fee until February 13, 2026. ECF No. 1-1 (sealed); ECF No. 13. As a result, Freshwadda's complaint was deemed filed on February 13, 2026. On February 19, 2026, the court advised Freshwadda that proof of service on the defendants was due by May 14, 2026. Order, ECF No. 14. Freshwadda was cautioned that failure to serve the defendants within ninety days would result in dismissal, unless he could show good cause for the failure to effect timely service. *Id.*

On May 18, 2026, the Clerk of Court notified Freshwadda that this action would be dismissed unless, by June 8, 2026, Freshwadda either filed proof of service demonstrating that service had "taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m)," or showed good cause for his failure to timely effect service. Notice, ECF No. 16.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the court can extend the time for service if the plaintiff shows good cause for the delay. *Id.* Failure to seek an extension of time before the expiration of the Rule 4(m) period may indicate a lack of good cause.

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person[.]" *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc., v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *Ross*, 504 F.3d at 1138–39.

Although Freshwadda was advised of the service requirements under Rule 4, he failed to serve the defendants within the time prescribed by Rule 4(m). Moreover, Freshwadda neither sought an extension of time to effect service before the May 14, 2026 deadline expired nor demonstrated good cause for his failure to timely serve the defendants. Because the defendants have not been served, the court lacks jurisdiction over them. *Direct Mail Specialists, Inc.*, 840 F.2d at 688. Consequently, the defendants are subject to dismissal under Rule 4(m).

IT IS HEREBY ORDERED that this action is dismissed without prejudice. The Clerk of Court is kindly instructed to close this case.

Dated:  June 25, 2026

_____
Cristina D. Silva
United States District Judge

2